# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50222 | **DATE** | 10/15/2004 |
| **CASE TITLE** | United States vs. Hudson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies the § 2255 motion, denies the request for an evidentiary hearing, denies the motion under Rule 6, denies the motion for summary judgment for default, and dismisses this cause in its entirety.

*/s/ Philip G. Reinhard*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 10-18-04 date docketed | 2-1 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 10-15-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Ralphfield Hudson, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, raising numerous issues related to the ineffectiveness of both his trial and appellate counsels. Hudson has also filed a "summary judgment motion for default" and a motion for discovery pursuant to Rule 6 of the rules governing § 2255 proceedings, and has requested an evidentiary hearing. The government has answered the § 2255 motion as well as the Rule 6 motion.

Failure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought via § 2255. Ballinger v. United States, 379 F. 3d 427, 429 (7th Cir. 2004). The standard for assessing the effectiveness of trial and appellate counsel is the same, whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial or appeal cannot be relied on as having produced a just result. Mason v. Hanks, 97 F. 3d 887, 892 (7th Cir. 1996). There is a strong presumption that counsel was constitutionally effective. Mason, 97 F. 3d at 892. In order to proceed on such a claim, a petitioner must first show that his lawyer's conduct fell below an objective standard of reasonableness, and, second, that any ineffectiveness was so prejudicial it rendered the trial or appeal fundamentally unfair and the result unreliable. Mason, 97 F. 3d at 892-93. As for appellate counsel, she does not need to raise every non-frivolous issue, and only where the omitted issue is significant and obvious and may have resulted in a reversal or new trial will ineffectiveness be deemed prejudicial. Mason, 97 F. 3d at 893.

Keeping these principles in mind, the court will address each of Hudson's claims. The claim that his appellate counsel, Debra Schafer, was ineffective for failing to raise trial counsel's ineffectiveness regarding his failure to move to suppress evidence and for failing to preserve a Batson issue at trial fails. First, these were issues more properly raised in a § 2255 motion as opposed to direct appeal. Second, as for the Batson issue, there is no showing of prejudice for failure to raise it on direct appeal in light of the Court of Appeals' finding in the context of an Anders v. California, 386 U.S 738 (1967), motion, that the issue was frivolous. See United States v. Hudson, 2002 WL 31420106, **2, unpublished order pursuant to Circuit Court Rule 53 (7th Cir. Oct. 25, 2002).

Hudson's claim that his appellate counsel had a conflict of interest because other attorneys in her office previously represented clients in a civil case whose interests were opposed to his also fails. He has neither alleged nor shown either a potential conflict of interest or an actual conflict. See Hall v. United States, 371 F. 3d 969, 973 (7th Cir. 2004). This is further reflected in his appellate counsel's unrefuted affidavit. Moreover, there is no indication of any prejudice or adverse effect from any such conflict in appellate counsel's handling of the appeal.

Hudson also claims his trial counsel, David Farmer, had a conflict of interest based on an unfounded assertion that Farmer applied for and obtained a job as a state court prosecutor prior to completion of Hudson's trial in this court. Again, Hudson offers no factual basis to support such a claim, and the undisputed affidavit of trial counsel states that he neither applied for nor obtained employment as a state prosecutor prior to the trial being completed. After the trial, but prior to sentencing, trial counsel did accept such employment and promptly moved to withdraw in Hudson's case. There is no suggestion of any conflict under these circumstances.

Related to this claim, Hudson has filed a motion pursuant to Rule 6 seeking to obtain a copy of his trial counsel's application for the state prosecutor's position in an effort to show that the application was in fact made prior to February 1, 2002, or to show the government and his trial attorney are "practicing fraud on this Honorable Court." This motion is denied as Hudson has not shown good cause for such discovery. Even if trial counsel had applied for the position during the trial, that would not entitle Hudson to relief in light of counsel's vigorous, and partially successful, defense and the speculative nature of any conflict based on a mere job application.

The remaining claims by Hudson related to his trial counsel's effectiveness are all lacking in specificity and fail to identify any resulting prejudice.

In this regard, as to the motion for pre-trial discovery, it is undisputed that trial counsel did, in fact, file a motion for and received extensive discovery, and Hudson has not specified what evidence was not disclosed. The same can be said for the claim that trial counsel did not file a reply to the government's response to the motion to suppress as Hudson has not stated how such failure prejudiced his defense. He also has not specified how he was prejudiced by trial counsel's failure to file a motion regarding the Speedy Trial Act, nor has he suggested the trial was not commenced in a timely manner.

As for trial counsel's asserted failure to investigate, locate, and call witnesses, Hudson only identifies one witness and, as to her, fails to specify what her testimony would have been or how it would have made a constitutional difference in his case, especially in light of the significant evidence supporting the jury verdict.

Hudson vaguely asserts that his trial counsel was ineffective for failing to move to suppress a gun found in the residence. He has not, however, suggested any legal or factual basis for such a motion.

Hudson claims that he was denied the effective assistance of counsel because his counsel did not consult with him about the possibility of his testifying. The decision to testify belonged to Hudson, see Taylor v. United States, 287 F. 3d 658, 661 (7th Cir. 2002), and when asked by the court if he desired to testify he answered no. Further, he has not indicated what exactly his trial counsel should have advised him in that regard. If it was to testify, that would not have been sound advice in light of Hudson's numerous felony convictions. Also, any such advice would constitute a matter of trial strategy.

Hudson's claim regarding trial counsel's failure to preserve any challenge to voir dire fails for lack of specificity. To the extent it refers to the previously discussed Batson issue, it is non-meritorious for the reasons already stated.

Hudson has likewise failed to identify which witness his trial counsel failed to properly cross-examine or what potential prior inconsistent statements could have been utilized. Further, there is no identifiable prejudice in this regard.

Further, the court denies Hudson's request for an evidentiary hearing as the claims may be decided without any such hearing and the vast majority of the allegations are vague and conclusory.

The court also denies the motion for summary judgement as no factual or legal basis for granting the motion is apparent. See Cooper v. United States, 378 F. 3d 638 641-42 (7th Cir. 2004).

For the foregoing reasons, the court denies the motion under § 2255, denies the request for an evidentiary hearing, denies the motion for discovery under Rule 6, and denies the motion for summary judgment for default.